# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANNAMALAI ANNAMALAI, a/k/a Swamiji Sri Selvam Siddhar, <br><br> Plaintiff, <br><br> vs. <br><br> SECRETARY, UNITED STATES DEPARTMENT OF THE TREASURY; COMPTROLLER GENERAL OF THE UNITED STATES OF AMERICA; UNITED STATES ATTORNEY GENERAL; UNITED STATES; UNITED STATES OF AMERICA; JOHN DOE 1-169, <br><br> Defendants. | Civil No. 3:22-cv-2038 |

## NOTICE OF REMOVAL

Defendants, Secretary, United States Department of the Treasury; Comptroller General of the United States of America; United States Attorney General; and the United States of America (hereinafter the "Federal Defendants,") by and through their attorneys, Rachelle Aud Crowe, United States Attorney for the Southern District of Illinois, and Suzanne M. Garrison, Assistant United States Attorney, notify this Court that pursuant to 28 U.S.C. § 1442(a)(1), the above entitled case is hereby removed from the Circuit Court of the First Judicial County, Illinois.

1. Plaintiff, Annamalai Annamalai, USM No. 56820-379, is an inmate incarcerated at the United States Penitentiary in Marion, Illinois, in the Communications Management Unit ("CMU"). https://www.bop.gov/inmateloc[1]/. *Annamalai v. Sproul, et al.*, SDIL No. 22-cv-01541-JPG (July 19, 2022)(Denying motion for temporary restraining order based on conditions of confinement om the CMU)[2]. The CMU is established to house inmates who, due to their current

---

[1] A document posted on a government website is presumptively authentic if government sponsorship can be verified by visiting the website itself." *See Qui Yun Chen v. Holder*, 715 F.3d 207, 212 (7th Cir. 2013).

[2] Courts may take judicial notice of matters of public record, including public court documents. *Henson v. CSC Credit Services*, 29 F.3d 280, 284 (7th Cir. 1994).

1

offense of conviction, offense conduct, or other verified information, require increased monitoring of communications with persons in the community to protect the safety, security, and orderly operation of Bureau facilities, and protect the public. 28 C.F.R. § 540.200.

2. Plaintiff named as defendants Secretary, United States Department of the Treasury; Comptroller General of the United States of America; United States Attorney General; the United States of America and John Does #1-169 in a civil action he filed in the Circuit Court of the First Judicial Circuit, Williamson County, in the State of Illinois, docketed as No. 22-LA-96. A copy of the state court complaint and docket are attached as Exhibit A. Defendants have not been served, and no trial date has been set.

3. The action is a nonsensical filing which Plaintiff describes as a "bill in equity." Though hardly a model of clarity, in a nutshell, Plaintiff alleges that he previously filed suit in Vigo County, Indiana against his daughter[3], a resident of India, in a matter entitled *Annamalai v. Kalyani*, No. 84D03-1704-MI-2768. In the Indiana suit Plaintiff alleged that he had 169 accounts receivables from 169 account debtors relating to his various religious services. These alleged accounts receivables were referenced in an "Amended Contract & Arbitration Agreement" between Plaintiff and his daughter wherein Plaintiff sold the 169 accounts receivables to his daughter. Somehow, in obtaining a $50,000 default judgment against his daughter with her consent in the Indiana case, Plaintiff asserts that he can now collect money from the 169 debtors. The Federal Defendants are alleged to have failed to respond to discovery requests Plaintiff directed to them in other Indiana litigation, including requests for admissions whereby they were asked to admit that they owed Plaintiff huge sums of money. Now, Plaintiff alleges that the Federal Defendants are obliged to assist in the collection process. Plaintiff requests that "full faith and

---

[3] Vishal Kalyani, then a minor, was identified as Plaintiff's child and co-plaintiff in the complaint Plaintiff filed in *Hindu Temple and Community Center of High Desert, Inc. et al. v. Kepner et al.,* ND GA No. 12-cv-2941.

credit" be given to the default judgment against his daughter so that he can collect $2.15 billion from the 169 John Doe account holders who are "parties in privity." The jurisdictional and due process infirmities in this scenario are readily apparent.

4.  This case has hallmarks of the sovereign citizen movement in that Plaintiff is filing fraudulent financial documents, describing himself as a creditor, and charging his debt (or the obligation to collect it) to the Treasury Department. "These [sovereign citizen] theories should be rejected summarily, however they are presented." *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011). *See also, El v. AmeriCredit Fin. Servs., Inc.,* 710 F.3d 748, 750 (7th Cir. 2013)(noting that a district court may use its inherent power to dismiss with prejudice, as a sanction for misconduct, even a case over which it lacks jurisdiction). Notably, Plaintiff has acknowledged having accepted legal guidance in the past from sovereign citizens. *Annamalai v. Sproul*, et al., SDIL No. 22-cv-01541-JPG (Doc. 4 at 2).

5.  Removal of this case by the Federal Defendants is appropriate pursuant to 28 U.S.C. § 1442(a)(l). Section 1442(a)(l) provides in relevant part that:

> (a) A civil action ... that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of crimes.

6.  Section 1442(a)(l) removals are governed by the procedures in 28 U.S.C. § 1446.

7.  The Federal Defendants have defenses which include, but which are not limited to, Plaintiff's failure to state a claim for which relief may be granted, lack of subject matter jurisdiction, sovereign immunity, and *res judicata*.

8.      Attached hereto as Exhibit B is a Notice Regarding Plaintiff's History of Abusive Litigation.  Plaintiff has filed this suit though it is contrary to a directive in the Amended Judgment in his criminal case entered on August 27, 2021 commanding that:   "[D]uring the defendant's period of incarceration, the defendant shall not engage in any spiritual service for compensation, directly, or indirectly through intermediaries; and the defendant shall not file frivolous, abusive, or malicious lawsuits against (1) former customers of the Hindu Temple and related entities, and victims of his criminal schemes; (2) parties, creditors, the Trustee, lawyers, and court personnel involved in the Hindu Temples bankruptcy case; and (3) attorneys, government agents, the jury, and court personnel involved in the criminal case." Doc. 982, *United States v . Annamalai,* NDGA No. 13-cr-437.

9.      The United States will mail a copy of this Notice of Removal to all parties who have appeared in the state court action and shall file a copy of this Notice of Removal in the state case by sending it to the Clerk of Court, First Judicial Circuit, Williamson County, Illinois.

**WHEREFORE**, the Federal Defendants remove this action pursuant to 28 U.S.C. § 1442(a)(1).

      Respectfully submitted,

      RACHELLE AUD CROWE
      United States Attorney


      *s/ Suzanne M. Garrison*
      SUZANNE M. GARRISON
      Assistant United States Attorney
      United States Attorney's Office
      Nine Executive Drive
      Fairview Heights, IL  62208
      Phone:  (618) 628-3700
      Fax:  (618) 622-3810
      E-mail: Suzanne.Garrison@usdoj.gov

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Southern District of Illinois and is a person of such age and discretion as to be competent to serve papers.

That on August 31, 2022, she served a copy of the attached

## NOTICE OF REMOVAL

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail.

ADDRESS:  Annamalai Annamalai
Reg. No. 56820-379
Marion USP
P.O. Box 1000
Marion, IL 62959

*s/ Suzanne M. Garrison*
SUZANNE M. GARRISON
Assistant United States Attorney